# Kehoe v. Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Stop, look and listen—Grade crossing—Case for jury.*

In an action by a girl seventeen years old against a railroad company to recover damages for personal injuries sustained at a street crossing of a railroad, it appeared that the accident happened on a dark and foggy night, and at a crossing where there were no lights in the immediate vicinity. At the crossing planks were laid parallel with the rails and extended the entire width of the street so that there was no part of the crossing specially set aside for pedestrians. As the plaintiff approached the crossing from the east and was a few feet from the south bound track, a heavy freight train was passing on that track. After the rear of this train had passed the crossing about 100 or 150 feet, plaintiff testified that she approached the crossing, stopped, looked and listened, and neither seeing nor hearing an approaching train proceeded on her way. The heel of her shoe caught in the space between a plank and the west rail of the north bound track. Before she could extricate herself a freight engine approaching from the south caught her, and her foot was severely injured. The testi-

430    KEHOE *v.* PHILA. & R. RWY. CO., Appellant.

Syllabus—Arguments.                    [235 Pa.

mony for the plaintiff although contradicted tended to show that the engine had no head light or other light, that no signals or whistles were given, and that the stationary signal bell of the crossing was not ringing. *Held,* (1) that it was immaterial that the plaintiff in making the crossing deflected from the side of the street inasmuch as no part of the crossing was specially set aside for pedestrians; (2) that the case was for the jury, and that a verdict and judgment for the plaintiff should be sustained.

Argued Feb. 5, 1912. Appeal, No. 104, Jan. T., 1911, by defendant from judgment of C. P. Bucks Co., Feb. T., 1910, No. 9, on verdict for plaintiff in case of Mary Kehoe, the Surviving Parent of Julia F. Kehoe and Julia F. Kehoe, a Minor, in her own right v. Philadelphia & Reading Railway Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STOUT, P. J.

The facts concerning the accident are stated in the opinion of the Supreme Court.

Verdict and judgment for Mary Kehoe for $3,253, and for Julia F. Kehoe for $6,488.33. Defendant appealed.

*Errors assigned,* were various instructions and refusal of binding instructions for the defendant.

*Harman Yerkes,* for appellant.—There was no negligence on the part of the defendant: Bard v. Ry. Co., 199 Pa. 94; Urias v. R. R. Co., 152 Pa. 326; Anspach v. Ry. Co., 225 Pa. 528; Walsh v. R. R. Co., 222 Pa. 162; Lonzer v. R. R. Co., 196 Pa. 610; Hauser v. R. R. Co., 147 Pa. 440; Paul v. Ry. Co., 231 Pa. 338; Wood v. Penna. R. R. Co., 177 Pa. 306; Bornscheuer v. Trac. Co., 198 Pa. 332.

The plaintiff was guilty of contributory negligence: Dickey v. Tel. Co., 46 Me. 483; Del., Lack & W. R. R. Co. v. Cadowm, 120 Pa. 559; Catawissa R. R. Co. v.

Armstrong, 49 Pa. 186; Loughrey v. R. R. Co., 201 Pa. 297; Hauser v. Cent. R. R. of N. J., 147 Pa. 440; Blotz v. R. R. Co., 212 Pa. 154; Ellis v. R. R. Co., 216 Pa. 415; Carroll v. R. R. Co., 12 W. N. C. 348; Myers v. R. R. Co., 150 Pa. 386; Hamilton v. R. R. Co., 227 Pa. 137.

*Grim & Grim,* for appellees.—The case was for the jury: Quigley v. Del. & H. Canal Co., 142 Pa. 388; Longenecker v. R. R. Co., 105 Pa. 328; Cromley v. R. R. Co., 211 Pa. 429; Rottmund v. R. R. Co., 225 Pa. 410; Bond v. R. R. Co., 218 Pa. 34; Bickel v. R. R. Co., 217 Pa. 456; Jones v. R. R. Co., 202 Pa. 81; Baughman v. R. R. Co., 92 Pa. 335; Brown v. Penna. R. R. Co., 15 Phila. 321; Thirteenth & Fifteenth Sts. Pass Ry. Co. v. Boudrou, 92 Pa. 475; Creed v. Pa. R. R. Co., 86 Pa. 139; Goodman v. Canal Co., 167 Pa. 332; Behling v. Pipe Lines, 160 Pa. 359; Bard v. Ry. Co., 199 Pa. 94; McIlhenney v. Phila., 214 Pa. 44; Rick v. Wilkes-Barre, 9 Pa. Super. Ct. 399; Erie v. Magill, 101 Pa. 616; Sheridan v. Palmyra Twp., 180 Pa. 439; Kingston Twp. v. Gibbons, 18 W. N. C. 334; Keller v. Ry. Co., 214 Pa. 82; Miller v. Lewistown Elec. Light, Heat & Power Co., 212 Pa. 593; Carroll v. Penna. R. R. Co., 12 W. N. C. 348; McNeal v. Ry. Co., 131 Pa. 184; Kasarda v. R. R. Co., 222 Pa. 146; Evans v. Brookville Boro., 5 Pa. Super. Ct. 298; Forker v. Sandy Lake Boro., 130 Pa. 123.

OPINION BY MR. JUSTICE MESTREZAT, March 18, 1912.
This is an action of trespass brought to recover damages for injuries sustained by Julia F. Kehoe, the minor plaintiff, on the evening of August 14, 1909, while she was attempting to cross the defendant's tracks on Market street in the borough of Perkasie, Bucks county. At this point there are two tracks making substantially a right-angled crossing with Market street. The tracks run north and south, and the passenger station is about one hundred and fifty or two hundred feet south of the street. The entire width of the street is forty feet, and

the crossing is made by long planks running parallel with the rails and extending the full width of the street. The space between the planks is filled with gravel. There was no walk between the outer rails of the two tracks on either side of the street devoted solely to the use of pedestrians. In other words, there was no part of the street set apart for use by pedestrians in crossing the tracks. The part of the street occupied by the railroad crossing is slightly elevated, and is approached on an incline on either side of the tracks.

On the evening of the accident, Julia Kehoe passed the crossing from west to east to do some shopping. As she approached the crossing from the east on her return and was a few feet from the rails, a heavy freight train was passing on the south-bound track. The stationary signal bell was ringing. After the rear of the train had passed the crossing about one hundred or one hundred and fifty feet, she testifies that she approached the crossing, stopped, looked and listened and neither seeing nor hearing an approaching train proceeded on her way. The heel of her shoe caught in the space between a plank and the west rail of the north-bound track. At that moment she looked around and saw a freight engine approaching from the south, and before she could extricate her foot the engine passed and her foot was severely injured. She says she was about in the middle of the highway, while some of the defendant's testimony shows her to have been north of that point at the time she was injured.

This action was brought to recover damages for the injury the girl sustained by the accident. The negligence alleged was the manner in which the train approached the crossing. It is averred that the locomotive had no headlight or any other light to indicate its presence; that no signals, whistles or any other noise or light or method was used by the defendant to warn the girl of the approach of the engine and train, and that the stationary signal bell was not ringing.

It was the duty of the defendant to give notice of the approach of its train to this crossing, and if it failed, as averred in the statement, it was guilty of negligence. We have examined the evidence with care and are satisfied that it was sufficient to send the case to the jury on the question of the defendant's negligence. The testimony of the girl fully sustained the averments in her statement as to the manner in which the locomotive approached the crossing. She introduced other witnesses who corroborated her story. She and they also testified that the night was not only very dark but was misty and foggy; that there were no lights burning at the passenger station which is about one hundred and fifty or two hundred feet south of the crossing. Both the south-bound and north-bound trains were freight trains and of course had no occasion to stop at the passenger station. If the testimony of the girl is believed, she stopped and listened immediately before she attempted to make the crossing. She testifies positively that no signal whatever was given of an approaching train and she is corroborated by some witnesses whose testimony is equally positive as to the failure of the defendant to signal the approach of its train. This was not negative but positive testimony which, notwithstanding the direct and positive contradictory testimony of the witnesses on the part of the defendant, required the question to be submitted to the jury. In view of the evidence introduced by the plaintiff, therefore, it is manifest, we think, that the defendant's negligence was a question for the jury, and that the court would have committed error had it granted the defendant's request to rule the question against the plaintiff as a matter of law.

We find no evidence in the record which would have justified the jury in convicting the girl of negligence in crossing the tracks. It is true she deflected from the side of the street in attempting to make the crossing but that was not a negligent act under the circumstances. There was no part of the street specially set aside for pedes-

trians to use in crossing the tracks. Planks laid parallel with the rails extended the entire width of the street, and the crossing was of the same character and in the same condition at all points of the street. On a former occasion while passing the crossing, the girl had observed some defects at the south side of the street, and she gave this as a reason for turning aside and not using that side of the street at the time of the accident. It was not negligence per se for her to cross the tracks diagonally under the circumstances. Pedestrians could use any part of the crossing if they used proper care and did not remain an unnecessary length of time on the tracks. The crossing was all of the same construction, and there was the same space between the plank and the rail at either side of the street as there was in the middle of the street where the accident occurred. The accident, therefore, could as readily have occurred at the side of the street as in the middle of it. If her foot had been caught in the space between the plank and the rail at the side of the street, the collision would have occurred just as it did. Had it not been for her detention by reason of the heel of her shoe being caught in the crevice, she would have passed the crossing in safety and there would have been no accident. She was not struck as she stepped on the track, nor would she have been struck at all if it had not been for the unfortunate occurrence of the heel of her shoe becoming fastened in the space between the plank and the rail. The collision by which she was injured and the resultant injuries were, therefore, not occasioned by her failure to cross at the side of the street instead of attempting to make the diagonal crossing. Her detention on the track, not by reason of anything which she did or omitted to do, prevented her from having cleared the crossing before the arrival of the train.

There was evidence in the cause which required the court to submit it to the jury and, finding no error in the charge, the judgment is affirmed.